NICHOLS KASTER, LLP
Matthew C. Helland, CA Bar No. 250451
helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Phone: (415) 277-7235
Fax: (415) 277-7238

NICHOLS KASTER, PLLP
Daniel C. Bryden, MN Bar No. 0302284*
dbryden@nka.com
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Phone: (612) 256-3200
Fax: (612) 338-4878
*admitted *pro hac vice*

Attorneys for Individual and Representative Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LASANDRA HILLSON, STEVEN BOHLER, and ASHLEY SCHMIDT, individually and as representatives of the class,<br><br>Plaintiffs,<br><br>v.<br><br>KELLY SERVICES, INC.,<br><br>Defendant. | Case No.: 4:14-cv-03256-JCS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1) Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

LaSandra Hillson, Steven Bohler, and Ashley Schmidt ("Plaintiffs"), by and through their attorneys, on behalf of themselves and the class set forth below, bring the following Class Action Complaint against Kelly Services, Inc. ("Defendant").

**INTRODUCTION**

1.  This consumer class action is brought under the Fair Credit Reporting Act ("FCRA") against an employer who routinely violates the FCRA's basic protections by

failing to obtain the proper authorization to conduct background checks, and by failing to provide the "stand alone" disclosure required by the FCRA. As Defendant's practices were routine and systematic, Plaintiffs assert claims for statutory damages on behalf of a class of similarly situated job applicants and employees.

## THE PARTIES

2. Plaintiff LaSandra Hillson is an individual person and a resident of Hayward, California.

3. Plaintiff Steven Bohler is an individual person and a resident of Mound, Minnesota.

4. Plaintiff Ashley Schmidt is an individual person and a resident of Davenport, Iowa.

5. Defendant Kelly Services, Inc. is an employment agency and recruitment company incorporated in Delaware and headquartered in Troy, Michigan.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff Hillson resides in this district and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## INTRADISTRICT STATEMENT

7. Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the Oakland Division of the Northern District of California because a substantial portion of the events giving rise to the dispute occurred in Alameda County, California.

## STATUTORY BACKGROUND

8. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

FIRST AMENDED CLASS ACTION COMPLAINT, Case No. 4:14-cv-03256-JCS

9. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

10. Congress was particularly concerned about the use of consumer reports by employers to deny otherwise qualified job applicants or to take other adverse actions against employees. Accordingly, Congress required employers to make a clear and conspicuous written disclosure to employees and job applicants, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes. 15 U.S.C. § 1681b(b)(2). This is commonly referred to as the "stand-alone disclosure" requirement.

11. The FCRA stand-alone disclosure requirement ensures that employees and job applicants know when reports about them are being generated. This notice is one of many elements of the FCRA that combine to ensure that consumers are aware that consumer reports are generated about them, that they know their rights, and that they have the opportunity to dispute errors in their reports. *See* 15 U.S.C. § 1681b(b)(3)(A) (pre-adverse employment action notice requirement); 15 U.S.C. § 1681b(4)(B) (notification of national security investigation); 15 U.S.C. § 1681c(h) (notification of address discrepancy); 1681d(a) (disclosure of investigative report); 15 U.S.C. § 1681g (full file disclosure to consumers); 15 U.S.C. § 1681k(a)(1) (disclosure regarding the use of public record information); 15 U.S.C. § 1681h (form and conditions of disclosure); 15 U.S.C. § 1681m(a) (notice of adverse action).

12. As discussed below, Defendant routinely violates the FCRA by failing to provide the required stand-alone disclosure to employees and job applicants.

**ALLEGATIONS RELATING TO PLAINTIFF HILLSON**

13. On October 18, 2012, Ms. Hillson applied for an administrative assistant position with Kelly Services in San Mateo, California.

-3-

FIRST AMENDED CLASS ACTION COMPLAINT, Case No. 4:14-cv-03256-JCS

14. Ms. Hillson received an application packet from Kelly Services. Included in the application packet was a document entitled "Background Screening Notice, Disclosure, and Authorization." ("Disclosure Form," attached as Exhibit A.)

15. In addition to providing information about Kelly Services' background checks, the Disclosure Form contains a liability waiver that purports to release Kelly Services from liability. Specifically, the Disclosure Form states:

> To the fullest extent permitted by law, I release Kelly, its employees, agents, successor and assigns, from any and all claims, actions or liability whatsoever that are in any way related to the procurement of a consumer report about me, or any subsequent investigation(s) of my background or personal history.

16. The Disclosure Form also contains a statement disclaiming that the form creates an employment contract: "I understand that this Authorization is not a contract for continued employment and does not alter the at-will nature of my employment or offered employment."

17. After Hillson applied for the position, Kelly Services procured a consumer report on her from consumer reporting agency Verifications, Inc. ("Verifications").

18. Because the Disclosure Form contains a liability waiver and an extraneous disclaimer regarding its status as a contract, the Disclosure Form does not constitute a stand-alone disclosure as required by 15 U.S.C. § 1681b(b)(2).

### ALLEGATIONS RELATING TO PLAINTIFF BOHLER

19. On January 15, 2013, Mr. Bohler applied for a position offered by Kelly Services in Mound, Minnesota.

20. Mr. Bohler received an application packet from Kelly Services. Included in the application packet was a document entitled "Background Screening Notice, Disclosure, and Authorization." ("Disclosure Form," attached as Exhibit B.)

21. The Disclosure Form received by Mr. Bohler was identical in all material respects to the Disclosure Form received by Ms. Hillson. In other words, the Disclosure

-4-

FIRST AMENDED CLASS ACTION COMPLAINT, Case No. 4:14-cv-03256-JCS

Form received by Mr. Bohler also contained the purported liability waiver and statement regarding at-will employment as described in paragraphs 15-16 above.

22. After Mr. Bohler applied for the position, Kelly Services procured a consumer report on him from Verifications.

23. Because the Disclosure Form contains a liability waiver and an extraneous disclaimer regarding its status as a contract, the Disclosure Form does not constitute a stand-alone disclosure as required by 15 U.S.C. § 1681b(b)(2).

**ALLEGATIONS RELATING TO PLAINTIFF SCHMIDT**

24. In December 2013, Plaintiff Ashley Schmidt applied for a job offered by Kelly Services in Davenport, Iowa.

25. Included within the application packet was a form entitled "Background Screening Notice, Disclosure, and Authorization." ("Disclosure Form," attached as Exhibit C.)

26. The Disclosure Form received by Ms. Schmidt was identical in all material respects to the Disclosure Form received by Ms. Hillson. In other words, the Disclosure Form received by Ms. Schmidt also contained the purported liability waiver and statement regarding at-will employment as described in paragraphs 15-16 above.

27. After Schmidt applied for the position, Kelly Services procured a consumer report on her from Verifications.

28. Because the Disclosure Form contains a liability waiver and an extraneous disclaimer regarding its status as a contract, the Disclosure Form does not constitute a stand-alone disclosure as required by 15 U.S.C. § 1681b(b)(2).

**ALLEGATIONS RELATING TO DEFENDANT'S PRACTICES**

29. More than fifteen years ago, the Federal Trade Commission emphasized that including a liability waiver in the disclosure form, as Defendant did here, is a violation of the FCRA. *Letter from William Haynes, Fed. Trade Comm'n, to Richard W. Hauxwell, CEO Accufax Div.* (June 12, 1998), available at 1998 WL 34323756 (explaining that "inclusion of a . . . waiver in a disclosure form will violate Section

-5-

[1681b(b)(2)(A)] of the FRCA, which requires that a disclosure consist 'solely of the disclosure that a consumer report may be obtained for employment purposes'").

30. Courts that have addressed liability waivers placed in disclosure forms have agreed with the FTC that including such a waiver violates the FCRA's stand-alone disclosure requirement. *Dunford v. American Databank, Inc.*, No. C 13-03829, 2014 WL 39567744 at *6 (N.D. Cal. Aug. 12, 2014) (finding document that contained a liability release to "not consist solely of the disclosure because it added a paragraph exonerating [the defendant]"); *Avila v. NOW Health Grp., Inc.*, No. 14 C 1551, 2014 WL 3537825 at *2 (N.D. Ill. July 17, 2014) (finding inclusion of liability waivers to be "contrary to the express language of the FCRA, which requires a disclosure 'in a document that consists solely of the disclosure'"); *Singleton v. Domino's Pizza*, No. 11-1823, 2012 WL 245965 at *9 (D. Md. Jan. 25, 2012) ("[B]oth the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document."); *Reardon v. Closetmaid Corp.*, No. 2:-8-cv-01730, 2013 WL 6231606 at *10-11 (W.D. Pa. Dec. 2, 2013) (finding disclosure with liability waiver to be "facially contrary to the statute at hand, and all of the administrative guidance").

31. In accordance with Verifications' standard procedures, Verifications required Defendant to certify that it would comply with the stand-alone disclosure provisions of the FCRA.

32. In a February 2012 publication, Verifications warned its customers that "nothing else (including a release of liability) should be a part of the [disclosure and authorization] form." Verifications, Inc., "Court Advises: 'Solely' Means Solely Regarding Disclosure and Authorization" (Feb. 10, 2012), at https://www.verificationsinc.com/eng/whatwevelearned/complianceprofile.cfm?szID=104 (last visited July 18, 2014), attached as Exhibit D.

33. As part of its service agreement with Verifications, Kelly Services acknowledged that the reports it obtains from Verifications are consumer reports.

34. In its contract with Verifications, Kelly Services agreed that before obtaining a consumer report, Kelly Services would provide a disclosure in writing to the consumer that a consumer report will be obtained for employment purposes and that such disclosure will be made in a document consisting solely of the disclosure.

35. Kelly Services also agreed to contact Verifications to obtain special procedures for preparation and use of a consumer report in the case of suspected misconduct or violation of state, federal, or local law. None of the Plaintiffs' reports were procured by Kelly Services using the special procedures referred to in the contract for these kinds of reports.

36. Kelly Services did not procure Plaintiffs' reports in connection with any investigation of suspected misconduct relating to employment, or compliance with federal, State, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

37. Upon request from each Plaintiff, Verifications sent each Plaintiff a complete copy of his or her consumer report procured by Kelly Services, and not merely a summary.

38. By systematically inserting a liability release and other extraneous information into Plaintiffs' and other class members' disclosures, Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i).

## CLASS ACTION ALLEGATIONS

39. Plaintiffs asserts their claims on behalf of the class defined as follows:

> All individuals on whom Kelly Services obtained a consumer report for employment purposes and whose disclosure form contains a liability release in the two years predating the filing of this Complaint and continuing through the date the class list is prepared.

40. <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is impracticable. Defendant has thousands of employees, many of whom are members of the class.

41. <u>Typicality</u>: Plaintiffs' claims are typical of the Class members' claims. The FCRA violations committed by Defendant were committed pursuant to uniform policies and procedures, and Defendant treated Plaintiffs in the same manner as other Class members in accordance with its standard policies and practices.

42. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex class action litigation.

43. <u>Commonality</u>: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the Class.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution, and Plaintiffs are unaware of any similar claims brought against Defendant by any members of the Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

## CLAIM FOR RELIEF
### *Failure to Provide Stand-Alone Disclosure*

45. Defendant violated the FCRA by procuring consumer reports on Plaintiffs and Class members without making the stand alone disclosure required by the FCRA. *See* 15 U.S.C. §§ 1681b(b)(2).

46. Defendant acted willfully and in knowing or reckless disregard of its obligations and the rights of Plaintiffs and the other Class members. Defendant's willful conduct is reflected by, among other things, the fact that it violated a clear statutory mandate set forth in 15 U.S.C. § 1681b(b)(2), and that Defendant certified that it would comply with 15 U.S.C. § 1681b(b)(2). Further:

  (a) The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

  (b) Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

  (c) Defendant knew or had reason to know from its communications with Verifications that Defendant's conduct violated the FCRA;

  (d) Defendant certified to Verifications that it would comply with the disclosure requirements of the FCRA;

  (e) Defendant repeatedly and routinely uses the disclosure it used with Plaintiffs to procure consumer reports;

  (f) Despite the pellucid statutory text and there being a depth of guidance, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

   (g) By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

47. Plaintiffs and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).  Plaintiffs and the Class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).  Plaintiffs and the Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

48. WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for relief as follows:

 a. Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

 b. Designating Plaintiffs as Class Representatives and designating Plaintiffs' counsel as counsel for the Class;

 c. Issuing proper notice to the Class at Defendant's expense;

 d. Declaring that Defendant violated the FCRA;

 e. Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

 f. Awarding statutory damages as provided by the FCRA;

 g. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

 h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

49. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and the Class demand a trial by jury.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: August 19, 2014 | NICHOLS KASTER, PLLP |
| | By: /s/Daniel C. Bryden |
| |     Daniel C. Bryden (*pro hac vice*) |
| | ATTORNEY FOR INDIVIDUAL AND REPRESENTATIVE PLAINTIFFS |